IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:20-CV-00357 |
| | § | |
| 11.406 ACRES OF LAND, more or less, | § | |
| situate in STARR COUNTY, STATE | § | |
| OF TEXAS; FELIX LUERA RANCH, LTD, | § | |
| ET AL | § | |
| | § | |
| *Defendants.* | § | |

**ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND
JURY DEMAND OF DEFENDANT FELIX LUERA RANCH, LTD.**

COMES NOW Felix Luera Ranch, Ltd., Defendant in the above entitled and numbered cause, and files this its Original Answer, Affirmative Defenses, and Jury Demand in response to Plaintiff's Complaint in Condemnation and Declaration of Taking, and would show the Court as follows:

**DEFENDANT'S RESPONSES TO COMPLAINT IN
CONDEMNATION (DOCUMENT 1)**

1. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. The allegations in paragraph 2 are jurisdictional in nature and do not necessitate a response. Subject thereto, to the extent a response is necessary, Defendant admits the allegations in paragraph 2, subject to objections and defenses set forth hereinafter.

3. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3.

4. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 4.

5. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 5.

6. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 6.

7. Defendant admits that Plaintiff has alleged the amount of its estimate of just compensation for the property acquired in Paragraph 7 but deny it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendant denies the allegations of Paragraph 7.

8. Defendant admits they are interested parties in this matter as alleged in Paragraph 8 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 8.

9. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 9.

**DEFENDANT'S RESPONSE TO DECLARATION OF TAKING (DOCUMENT 2)**

1. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 2.

3. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3, 4, and 5.

4. Defendant admits that Plaintiff has alleged and deposited the amount of its estimate of just compensation for the property acquired in Paragraph as alleged in Paragraph 6 but deny it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendant denies the remaining allegations of Paragraph 6.

5. Defendant admits they are interested parties in this matter as alleged in Paragraph 7 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 7.

6. Defendant denies the allegations in Paragraph 8.

## DEFENDANT'S OBJECTIONS AND DEFENSES

Pursuant to FED. R. CIV. P. 71.1(e)(2), Defendant sets out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking, and would show as follows:

1. Plaintiff has failed to negotiate in good faith and make a good faith offer of compensation to Defendant for the property rights being acquired. Such negotiations and good faith offer are required of Plaintiff under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). The Government has failed to meaningfully negotiate with Defendant for the property interest sought as required by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

2. The provisions of IIRIRA require the Government to clearly define the real property interest it seeks and then attempt to fix a price for it with the property owners. In its Complaint, the Government has not provided an adequate description of the location, size, dimensions, number, and type of border fence gates and the manner in which access

will work through the gates after the taking. As such, the property description in Plaintiff's Complaint is inadequate in that it fails to describe the property interest acquired and is insufficient to allow Defendant to specifically identify what property rights are actually being taken in the condemnation. In particular, in Schedule E entitled "Estate Taken" attached to Plaintiff's Complaint, Plaintiff vaguely alleges that Defendant will be provided "reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled 'Beginning' and easternmost mark labeled 'Ending' depicted on the map" set forth therein. There are no gates or access points identified. Thus, Plaintiff has not legally described the property interest being acquired and the associated access rights in its condemnation complaint.

3. Plaintiff has failed to adequately describe the property rights it seeks to acquire through condemnation and therefore its pleadings do not adequately apprise Defendant of what rights are sought in this lawsuit.

4. Plaintiff has failed to offer just and adequate compensation for the property rights it seeks to acquire and for market value damages to Defendant's remainder property.

5. Plaintiff's offer of compensation does not take into consideration the entire parent tract of Defendant's property and therefore does not include compensation for damages to Defendants' land that is impacted by Plaintiff's taking.

6. Plaintiff has failed to adequately consult under the consultation clause of the note to 8 U.S.C. § 1103. Said negotiations should be a condition prior to Plaintiff taking possession of the property.

7. Plaintiff has failed to state a claim upon which relief can be granted.

8. Plaintiff has failed to meet all conditions precedent to the filing of a condemnation lawsuit.

9. Plaintiff's attempted taking of Defendant's property is unconstitutional.

10. Defendant reserves all rights it has under 28 U.S.C. § 2412, to recover attorney's fees incurred in this condemnation lawsuit. *See also USA v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983) (*en banc*).

11. Defendant reserves the right to file additional objections and defenses if circumstances change, when a more specific legal description of the property being acquired is made by the Plaintiff, or any amendments to this action are filed by Plaintiff.

## REQUEST FOR JURY

Defendant requests a trial by jury pursuant to Fed. R. Civ. P. 71.1(h)(1)(B) of the Federal Rules of Civil Procedure to determine just compensation of the land being taken and the damages to the remainder property.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that:

1. Judgment be rendered denying Plaintiff the right to condemn Defendant's property;

2. Alternatively, if such condemnation is allowed, that Defendant be awarded just compensation be determined in accordance with the Fifth Amendment of the United State Constitution and all applicable statutes;

3. Defendant be allowed recovery of attorneys' fees and other appropriate litigation expenses pursuant to the Uniform Relocation Assistance and Real Property

Acquisition Policies Act of 1970, 42 U.S.C. § 4654, and the Equal Access to Justice Act, 28 U.S.C. § 2412;

  4. Defendant requests a trial by jury, pursuant to Fed. R. Civ. P. 71.1(h)(1)(B) on the issue of just and adequate compensation; and

  5. Defendant requests the Court grant Defendant such other and further relief to which it may be entitled.

    Respectfully submitted,

    BARRON, ADLER, CLOUGH & ODDO, L.L.P.
    808 Nueces Street
    Austin, Texas 78701
    Ph: (512) 478-4995
    Fax: (512) 478-6022

    By: */s/ Roy R. Brandys*
      Roy R. Brandys
      Attorney-in-Charge
      Texas Bar Number 02883550
      Federal Admission No. 31963
      brandys@barronadler.com
      Nicholas P. Laurent
      Texas Bar Number 24065591
      Federal Admission No. 1090833
      laurent@barronadler.com

    ATTORNEYS FOR DEFENDANT,
    FELIX LUERA RANCH, LTD.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(d), no certificate of conference is required for this Pleading.

>  /s/ Roy R. Brandys
>  Roy R. Brandys

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Original Answer, Affirmative Defenses, and Jury Demand was served upon opposing counsel, to-wit:

>  Baltazar Salazar
>  Assistant United States Attorney
>  Attorney-in-Charge
>  Southern District of Texas No. 3135288
>  Texas Bar No. 24106385
>  600 E. Harrison Street, Suite 201
>  Brownsville, Texas 78250
>  Telephone: (956) 983-6057
>  Facsimile: (956) 548-2775
>  E-mail: baltazar.salazar@usdoj.gov

by certified mail, return receipt requested, facsimile transmission, E-file submission, and/or hand delivery, pursuant to the Federal Rules of Civil Procedure, on this the 19th day of January, 2021.

>  /s/ Roy R. Brandys
>  Roy R. Brandys