IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff*, § § v. § CASE NO. 7:20-CV-00357 § 11.406 ACRES OF LAND, more or less, § situate in STARR COUNTY, STATE § OF TEXAS; FELIX LUERA RANCH, LTD, § ET AL § § *Defendants.* § | |

**DEFENDANT FELIX LUERA RANCH, LTD.'S
UNOPPOSED MOTION TO STAY CONSTRUCTION
AND MOTION TO STAY CONDEMNATION PROCEEDINGS**

Defendant Felix Luera Ranch, Ltd., files this Unopposed Motion to Stay Construction and Motion to Stay Condemnation Proceedings and would respectfully show the Court as follows:

This is a statutory condemnation proceeding by which the United States of America (the "Government") seeks to acquire real property in fee simple from Defendants for construction of a border barrier and related appurtenances. The Government has filed a Complaint in Condemnation (Dkt. #1) and a Declaration of Taking (Dkt. #2) and deposited the Government's estimate of just compensation (Dkt. 7).

On January 20, 2021, President Biden was inaugurated and following his inauguration he signed an executive Order entitled Proclamation on the Termination of Emergency With Respect To The Southern Border Of The United States And Redirection of Funds Diverted to Border Wall Construction (the "Proclamation"). *See* Exhibit A, Proclamation on the Termination of Emergency With Respect To The Southern Border Of The United States And Redirection of Funds Diverted to Border Wall Construction, 2021 WL 197402 (January 20, 2021), *available at*

https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/. The Court can take judicial notice of the Proclamation and Defendants request the Court take judicial notice of the Proclamation. *See* FED. R. EVID. 201 (b).

> Among other things, the Proclamation provides as follows:
>
> (a)   The Secretary of Defense and the Secretary of Homeland Security, in consultation with the Director of the Office of Management and Budget, shall direct the appropriate officials within their respective departments to:
>
>> (i)   pause work on each construction project on the southern border wall, to the extent permitted by law, as soon as possible but in no case later than seven days from the date of this proclamation
>
> * * *
>
> (b)  The pause directed in subsection (a)(i) of this section shall apply to wall projects funded by redirected funds as well as wall projects funded by direct appropriations. . . .

Exhibit A, Proclamation.

"[E]xecutive orders clearly carry the force and effect of law if they are issued pursuant to constitutional or statutory authority." *Legal Aid Soc. of Alameda Cty. v. Brennan*, 381 F. Supp. 125, 130 (N.D. Cal. 1974), *aff'd in part*, 608 F.2d 1319 (9th Cir. 1979) ("This particular executive order and its direct antecedents have consistently been held to be based on statutory authority resting with the President to provide for procurement, utilization, and management of government property." (citing *Contractors Ass'n of Eastern Pennsylvania v. Secretary of Labor*, 442 F.2d 159, 166-171 (3d Cir.), *cert. denied*, 404 U.S. 854, 92 S.Ct. 98, 30 L.Ed.2d 95 (1971); *Farkas v. Texas Instrument, Inc.*, 375 F.2d 629, 632 n. 1 (5th Cir.), *cert. denied*, 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471 (1967)).

The Proclamation orders that all construction work on the border wall project should "pause" and the Defendants seek an order from the Court to ensure that all construction work is "pause[d]" pursuant to the Proclamation.

Additionally, the Defendant anticipates the Proclamation, and Government action following the ordered pause in the border wall project, is very likely to cause a change in the project. Any change in the project could have dramatic impacts on the valuation issues the parties are currently litigating.

So as to avoid unnecessary expenses associated with expert witnesses that have been or will be retained to consider value-related issues on the subject property and any subsequent change in the border wall project, the Defendant requests that the Court order a sixty (60) day stay in these condemnation proceedings.

A sixty (60) day stay is consistent with the Proclamation in that the Proclamation requests a plan for "Redirecting Funding and Repurposing Contracts" within sixty (60) days. *See* Exhibit A, Proclamation at § 2. Defendant anticipates receiving more guidance from the current Presidential Administration on how the border wall project is to proceed, or not proceed, within sixty (60) days.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Nevada v. United States Dep't of Labor*, 227 F. Supp.3d 696, 698 (E.D. Tex. 2017) ("A district court has broad discretion to stay proceedings in the interest of justice and to control its docket."). It would be in the interest of justice to stay these proceedings, including the interests of both parties and the interest of judicial efficiency to the Court. *See Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 385 (2004) (reasoning that "'the high respect that is owed to the office of the Chief Executive

. . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery'" (quoting *Clinton v. Jones*, 520 U.S. 681, 707 (1997))).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that its Motion to Stay Construction and Motion to Stay Condemnation Proceedings be granted and be granted such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

BARRON, ADLER, CLOUGH & ODDO, L.L.P.
808 Nueces Street
Austin, Texas 78701
Ph: (512) 478-4995
Fax: (512) 478-6022

By:   */s/ Roy R. Brandys*
      Roy R. Brandys
      Attorney-in-Charge
      Texas Bar Number 02883550
      Southern District of Texas No. 31963
      brandys@barronadler.com
      Nicholas P. Laurent
      Texas Bar Number 24065591
      Southern District of Texas No. 1090833
      laurent@barronadler.com

ATTORNEYS FOR DEFENDANT,
FELIX LUERA RANCH, LTD.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(d), I have conferred with counsel for Plaintiff and Plaintiff is unopposed to the relief requested.

                                        */s/ Roy R. Brandys*
                                        Roy R. Brandys

## CERTIFICATE OF SERVICE

I, Roy R. Brandys, Attorney for Defendant Felix Luera Ranch, Ltd., hereby certifies that on February 2, 2021, I electronically filed the foregoing using the Court's CM/ECF system which will send service notification to all counsel of record.

                                By:    */s/ Roy R. Brandys*
                                           Roy R. Brandys